**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

HENRY LUCKETT,                                                                PLAINTIFF,

VS.                                                              CIVIL ACTION NO. 4:06CV68-P-B

WERNER ENTERPRISES, INC.,                                                  DEFENDANT.

**ORDER**

This matter comes before the court upon Defendant's motion to dismiss or, in the alternative, motion for partial summary judgment [32-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Rule 12(b) provides in pertinent part that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56

Fed. R. Civ. P. 12(b). "[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it. Numerous cases have recognized this authority." 5C Fed. Prac. & Proc. Civ.3d § 1366 (citing *e.g.*, *Isquith v. Middle South Utils., Inc.*, 847 F.2d 146 , 193 n.3 (5th Cir. 1988), *cert. denied* 488 U.S. 926).

To their motion to dismiss the defendant attached the Affidavit of Chris Polenz. The affidavit cited within the defendant's brief to support the more specific employment dates of the prior

1

Dedicated Managers. The court need not rely on the affidavit or any other matter outside the pleadings to rule upon the defendant's Rule 12(b)(6) motion. Therefore, conversion to a motion for summary judgment under Rule 56 is unnecessary.

In deciding a motion to dismiss under Rule 12(b)(6) the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). Taking the facts alleged in the complaint as true, "if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."*Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995). The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir.1998). "However, we will not strain to find inferences favorable to the plaintiff[]." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir.2004).

After considering the aforementioned standards and the parties' briefs, the court concludes that the defendant has met its burden in demonstrating that it is certain that the plaintiff cannot prove any set of facts that would entitled him to relief under Title VII race discrimination for failure to promote at any time before September 17, 2004, which is 180 days before the plaintiff filed his first EEOC complaint alleging race discrimination on March 16, 2005.

The Amended Complaint clearly indicates that Steve McSwain, Byron Wagner, and Tracy Matthews left their positions as Dedicated Managers before September 17, 2004 and that the plaintiff alleges he was not promoted to Dedicated Manager after any of them left. Thus, the plaintiff cannot recover under a Title VII race discrimination theory as to the failure to promote after these managers

2

left their positions because such allegations are untimely under 42 U.S.C. § 2000e-5(e)(1) ("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred."). "A discrete ... discriminatory act 'occurred' on the day that it 'happened.' A party, therefore must file a charge within ... 180 ... days of the date of the act or lose the ability to recover for it." *Nat'l Railroad Passenger Corp. v. Morgan*, 526 U.S. 101, 110 (2002). Each time the plaintiff alleges he was not promoted because of his race "happened" when the next white person was promoted to Dedicated Manager. Any of these managers promoted before September 17, 2004 therefore occurred more than 180 days before the plaintiff filed his first EEOC complaint.

The only white person the Complaint states was promoted to Dedicated Manager, as opposed to the plaintiff, after September 17, 2004 is George Phillips in early 2005. Thus, Count 2 for Title VII race discrimination should not be dismissed with regard to Phillips' promotion. Furthermore, it is undisputed that the prior promotions are fair game with regard to the plaintiff's § 1981 claim stated in Count 1.

The defendant's motion to dismiss the plaintiff's hostile work environment claim in Count 4 should be denied since the defendant has not demonstrated that, taking the facts alleged in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts that would entitle him to the relief he seeks.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's motion to dismiss or, in the alternative, motion for partial summary judgment [32-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is denied insofar as it seeks dismissal of Count 2 of the Amended Complaint

regarding the failure to promote allegation in connection with the promotion of George Phillips;

(3) The motion is denied insofar as it seeks to dismiss Count 4 of the Amended Complaint alleging hostile work environment; and

(4) The motion is granted insofar as any of the failures to promote occurring before September 17, 2004 cannot be used as a basis for Count 2 of the Amended Complaint which asserts a claim for Title VII race discrimination.

**SO ORDERED** this the 20th day of April, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE